UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTI IP, LLC; NETWORK FLEET, INC., <br><br>    Plaintiffs, <br>v. <br><br>WEBTECH WIRELESS INC.; WEBTECH WIRELESS USA LTD.; XIRGO TECHNOLOGIES, LLC; PROCON, INC., <br><br>    Defendants. <br><br>AND ALL RELATED COUNTERCLAIMS. | Civil No. 10cv1783 DMS (NLS) <br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1, DENYING DEFENDANT'S REQUEST FOR CLARIFICATION** <br><br>[Doc. No. 150] |

Plaintiffs HTI IP, LLC and Networkfleet, Inc. (Plaintiffs) filed this patent infringement suit in the Eastern District of Texas against Procon, Inc., Xirgo Technologies, LLC, and WebTech Wireless, Inc. and WebTech Wireless USA, LTD (WebTech). The four patents asserted relate to a wireless appliance placed in a car and a host computer that analyzes the data received from that appliance. On February 5, 2010, the district judge in Texas signed a stipulated protective order negotiated by all parties. The case was then transferred to this district on August 26, 2010. On October 8, 2010, Plaintiffs and WebTech filed a joint motion asking this court to interpret paragraph 21(h) of the protective order. WebTech seeks clarification of paragraph 21(h) while Plaintiff disagrees that any clarification is needed. For the following reasons, the court **GRANTS** the joint motion to determine the discovery dispute and denies WebTech's request for clarification of paragraph 21(h).

**Background.**

In response to discovery requests, on May 14, 2010 WebTech made available a limited set of source code relevant to Plaintiffs' requests for source code and documents relating to that source code. Quinn Decl. ¶ 4. Those files were made available to Plaintiffs' consultant, Stephen Gray, for him to review at the Los Angeles office of WebTech's outside counsel, Fullbright & Jaworski. The files are on a non-networked Fullbright & Jaworski computer and Gray can make printouts of any files that he selects.

Gray signed the "Undertaking Concerning Confidentiality," attesting that he had read the protective order and agreed to use the confidential information provided to him under the protective order only for the purposes of the litigation. Quinn Decl. Ex. J. After his first visit to Fullbright & Jaworski, WebTech did not ask for, and Gray did not provide to WebTech's counsel, a log or copy of the files that he printed out. Quinn Decl. ¶ 6.

In response to other discovery requests, WebTech eventually made available for inspection by Gray the entirety of its source code. Gray visited the office of Fullbright & Jaworski on July 28, 2010 and reviewed the source code. Again, WebTech did not ask for, and Gray did not provide to WebTech's counsel, a log or copy of the files that he printed out. Quinn Decl. ¶ 12.

Plaintiffs requested that Gray again have access to review the source code. WebTech replied that the inspection could go forward but that Gray would have to provide a log or copies of any printouts he made. Plaintiffs refused, alleging that the protective order does not require Plaintiffs to provide WebTech with a log or printouts, and that Gray's selected printouts are protected as work-product. The parties agreed that no further printouts would be made, and then sought this court's intervention to determine what, if anything, Plaintiffs are required to do under the protective order in terms of providing a log or printouts of the source code that its consultant has selected for review.

Paragraph 21(h) of the protective order reads:

> The Receiving Party shall be permitted to make printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL-OUTSIDE ATTORNEY'S EYES ONLY" and **the Receiving Party shall maintain a log** of all such files that are printed or photocopied.

Quinn Decl. Ex. A, p.7 (emphasis added).

WebTech argues that the words "maintain a log" mean that "Plaintiffs are required to prepare" a log. Jt. Mtn., p.4. It asks this court to clarify paragraph 21(h) so that it be read to require Plaintiffs to produce the source code log at the time of the inspection in order to achieve the purpose of the protective order to protect the producing party's confidential and trade secret information. WebTech argues that Gray's selection of documents is not protectable as opinion work product because it is only ordinary work product. It also asserts that Plaintiffs have been careless with WebTech's highly confidential source code because in Plaintiffs' infringement contentions, Plaintiffs describe in detail the source code but did not designate those contentions as highly confidential.

Plaintiffs argue that the word "maintain" only requires them to maintain their own log of files that are printed out or photocopied. They argue that the protective order already protects the confidentiality of the source code and provides a remedy in case of disclosure of that code. Further, Plaintiffs have agreed to provide WebTech with a copy of their log if they designate Stephen Gray as a testifying expert, at the conclusion of the litigation, or if WebTech has a reasonable suspicion that Plaintiffs or their representatives have violated the protective order.

**Order.**

The court finds that the plain language of paragraph 21(h) only requires Plaintiffs to maintain their own log of files that are printed out or photocopied from the source code. The parties negotiated the terms of this detailed protective order, and if they had intended that a log or copies of printouts be provided to the producing party at the time of the inspection, they would have included the specifics of that procedure in the protective order. The court, therefore, denies WebTech's request to clarify and consequently modify the protective order.

While the protective order appears clear on its face, to avoid any further confusion regarding the confidentiality of the source code produced, the court amends paragraphs 21(i) and 21(j), and adds 21(l), so that it is clear that any log produced and maintained is also protected by the protective order. The changes are noted in bold:

> (i) Should such **log,** printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" and shall continue to be treated as such;

(j) If the Receiving Party's outside counsel, consultants, or experts obtain the **log,** printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the **log,** printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the **log,** printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the **log,** printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

\*\*\*

**(l) The Receiving Party shall produce the log, printouts or photocopies of Source Code Material to the Producing Party either at the time of expert witness designation, if that designated witness's testimony will involve the Producing Party's Source Code, or at the conclusion of the litigation.**

Finally, regarding WebTech's concerns about maintaining the confidentiality of its source code, the outside reviewing consultant at issue here has already executed an agreement to be bound by the protective order, and WebTech has remedies through the protective order should it reasonably suspect that the consultant has violated the terms of the protective order.  Regarding the lack of confidential designation of Plaintiffs' infringement contentions, paragraph 21(f) provides that documents containing quoted source code shall be stamped and treated as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY," and paragraph 4 of the protective order provides a procedure for WebTech to challenge the confidential designation (or lack thereof) of the documents produced.

**IT IS SO ORDERED.**

DATED:  October 20, 2010

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court